# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3881 | **DATE** | 5/17/2012 |
| **CASE TITLE** | Chicago Regional Council of Carpenters Pension Fund, et al. vs. P.W.F. Contractors, Inc., and Daniel Stef, individually and d/b/a Professional Hardwood Flooring | | |

**DOCKET ENTRY TEXT**

Defendant Daniel Stef's motion to vacate [31] is denied.  Status hearing set for 6/14/12 at 9:30 a.m.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

In 1999, Chicago Regional Council of Carpenters Pension Fund, Chicago District Council of Carpenters Welfare Fund, Chicago and Northeast Illinois District Council of Carpenters Apprentice and Trainee Program Fund, and individual plaintiffs (collectively "plaintiffs") filed suit against defendants P.W.F. Contractors, Inc. ("P.W.F.") and Daniel Stef ("Stef") under the Employment Retirement Income Security Act ("ERISA") alleging that P.W.F. failed to submit to an audit and that Stef was the alter ego of P.W.F.  A return of service showed personal service of the summons and complaint on Stef at 7055 N. Sioux, Chicago, Illinois on June 27, 1999.  However, Stef did not appear and no attorney entered an appearance on Stef's behalf.  As a result, I entered a default judgment on September 21, 1999, and a supplemental judgment against Stef on March 30, 2000, in the amount of $35,790.55.  In 2012, plaintiffs sought to revive the judgment.  Stef opposed revival by filing a motion to vacate under Rule 60(b)(4) of the Federal Rules of Civil Procedure.  For the reasons stated below, that motion is denied.

   A defendant may challenge a default judgment on jurisdictional grounds under Rule 60(b)(4) at any time.  *Philos Technologies, Inc. v. Philos & D, Inc.*, 645 F.3d 851, 857 (7th Cir. 2011) (citing *Taft v. Donellan Jerome, Inc.*, 407 F.2d 807, 808 (7th Cir. 1969)).  Where the jurisdictional issue turns on whether the defendant was properly served, "[a] signed return of service constitutes *prima facie* evidence of valid service 'which can be overcome only by strong and convincing evidence.'" *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993) (quoting *Hicklin v. Edwards*, 226 F.2d 410, 414 (8th Cir. 1955)); *see also Taft*, 407 F.2d at 808-09.  Mere allegations, even when contained in an affidavit, that a defendant was not served are not sufficient.  *Bilal v. Rotec Indus., Inc.*, No. 03 C 9220, 2004 WL 1794918, at *3 (N.D. Ill. Aug. 5, 2004) (Kocoras, J.) (citing *Trustees of Local Union No. 727 Pension Fund v. Perfect Parking, Inc.*, 126 F.R.D. 48, 52 (N.D. Ill. 1989)).  Further, "[a] party may waive a defense of insufficiency of process by failing to assert it seasonably in a motion or their first responsive pleading." *Trustees of Cent. Laborers' Welfare Fund v. Lowery*, 924 F.2d 731, 732 (7th Cir. 1991) (citing *Giotis v. Apollo of the Ozarks*,

*Inc.,* 800 F.2d 660, 663 (7th Cir.1986), *cert. denied,* 479 U.S. 1092, 107 S.Ct. 1303, 94 L.Ed.2d 158 (1987)).

Stef argues that the 1999 and 2000 judgments are void because I never had personal jurisdiction over him. According to Stef, he was never served with the summons and complaint and, therefore, personal jurisdiction was never established. Plaintiffs submit that the return of service, copies of which were submitted by both parties (*see* Def.'s Ex. C; Pls.' Ex. B), establishes valid service and that Stef has not come forward with "strong and convincing" evidence to overcome the return of service evidence. I agree. The return of service shows that an individual identifying himself as Daniel Stef accepted service in connection with this lawsuit at 7055 N. Sioux on June 27, 1999. Plaintiffs have therefore satisfied their *prima facie* burden. Additionally, plaintiffs have submitted the sworn declaration of their attorney, Daniel McAnally, who states that he spoke with Stef on April 17, 2000, and that his notes indicate that Stef admitted that he had been served with the summons and complaint in the lawsuit. (Pls.' Ex. D). McAnally's sworn declaration also refers to a letter (*see* attachment to Pls.' Ex. D), dated July 16, 1999, confirming a telephone conversation with attorney Peter Apostal, identified in the letter as attorney for Stef. In that letter, McAnally explains his reasoning for suing Stef as well as the corporate defendants. He confirms that Stef will submit to an audit. Stef admits that he did so. McAnally's sworn declaration, referring to his notes from 1999 and 2000, also notes that Stef appeared for a post-judgment citation to discover assets deposition on April 28, 2000. This is corroborated by the docket, which shows that plaintiffs issued a citation notice to Stef on April 12, 2000.

In support of his position, Stef has submitted two affidavits wherein he has averred that he was never served with the summons and complaint in this matter; he was not living at 7055 N. Sioux on June 27, 1999; and he sold the property at 7055 N. Sioux on July 1, 1999. (Def.'s Ex. D; Def.'s Reply Ex. A). Stef has also submitted the affidavit of his sister, Daniela Popa, who averred that Stef and his family moved in at her property at 6935 N. McAlpin, Chicago, Illinois, on or about June 15, 1999. (Def.'s Ex. G). Finally, Stef provides a copy of a letter confirming an appointment for an audit in connection with the lawsuit, which was sent to his new address at 6935 N. McAlpin. (Def.'s Ex. I).

This evidence falls short of the "strong and convincing" standard. While Stef may not have been residing at 7055 N. Sioux on June 27, 1999, he was still undisputedly the owner of the property on that date. Stef has neither stated nor shown that he did not return to the property before he closed on the sale or that he was not on the premises on June 27, 1999. Stef relies heavily on the fact that the letter he received from plaintiffs' accounting firm did not reference the lawsuit or this court's case number. (Def.'s Ex. I). But Stef's admission that he took part in the audit referenced in McAnally's letter to Apostal further corroborates plaintiffs' claim that Stef was served and had notice of the lawsuit. And while Stef has submitted a second, carefully-worded affidavit (Def.'s Reply Ex. A) in response to the letter McAnally sent to Apostal, this statement does not rebut the evidence presented by plaintiffs. The affidavit submitted by Stef states that he never "hired" Apostal to represent him in this lawsuit. (*Id.*). This evidence does not contradict plaintiffs' evidence nor is it evidence that Stef was not served on June 27, 1999. Finally, Stef has failed to even deny any connection to the corporate defendants. Under these circumstances, Stef has failed to overcome the presumption, established by the return of service, that he was personally served with the summons and complaint in this lawsuit.

Though Stef's failure to overcome plaintiffs' *prima facie* evidence is dispositve, I note that Stef has also waived the defense of insufficient process by participating in the lawsuit. As discussed above, evidence submitted by plaintiffs, and insufficiently disputed by Stef, shows that McAnally was in contact with Apostal and Stef regarding the lawsuit in 1999 and 2000, Stef participated in an audit related to the lawsuit, and he appeared at a post-judgment citation to discover assets deposition on April 28, 2000. At no point did Stef, or Apostal, object to service or raise any potential problem regarding service. In fact, according to McAnally's undisputed statement, Stef acknowledge to plaintiffs' attorney that he had been served with the summons and complaint in this lawsuit when they spoke by phone on April 17, 2000. The Seventh Circuit has held that a

| STATEMENT |
|---|
| defense of insufficient process may be waived by "submission through conduct," including conduct that has occurred after entry of default. *Trustees of Cent. Laborers' Welfare Fund*, 924 F.2d at 732-33 (citations omitted). Because Stef led plaintiffs to believe that service was adequate, *see id.* at 733, and then waited over twelve years to assert a defense of insufficient service, that defense has been waived.<br><br>    For the foregoing reasons, defendant Stef's motion to vacate is denied. |